BUTTERICK PUBLISHING COMPANY and Others, Comprising the ALL-FICTION FIELD, an Unincorporated Association, Appellants, v. DELL PUBLISHING CO., INC., Respondent.

First Department, June 5, 1931.

*Louis P. Eisner* of counsel [*Charles A. Brodek* with him on the brief; *Brodek, Raphael & Eisner,* attorneys], for the appellants.

*Wallace T. Stock* of counsel [*Lewis, Garvin & Kelsey;* attorneys], for the respondent.

McAvoy, J.   Plaintiffs brought suit against defendant to restrain defendant from publishing any magazine or periodical bearing any simulation, imitation or colorable imitation of plaintiffs' trade-mark and trade name *All-Fiction Field.*

The suit resulted in the entry of an order on January 13, 1931, restraining defendant *pendente lite* from publishing or distributing its magazine *All-Fiction* and from manufacturing or distributing any periodical bearing any other simulation, imitation or colorable imitation of plaintiffs' trade-mark and trade name *All Fiction Field.*

Defendant is a publisher of a magazine and on or about October 1, 1930, began publishing a monthly magazine called *All-Fiction.*

The issues of defendant's magazine up to and including the March, 1931, issue bore the title *All-Fiction.* Commencing with the April, 1931, issue, defendant changed the title of its magazine to *All-Fiction Stories,* the words "All-Fiction" being in large type on one line and the word "Stories" being in smaller type on a separate line.

Plaintiffs moved to punish defendant and its president for contempt for use of two titles, to wit, "All-Fiction," used up to and including the March, 1931, issue, and "All-Fiction Stories," used on the April, 1931, and later issues.

The injunction order was granted on January 13, 1931, and served on the following day. Defendant secured suspension of the effective date of the order until February 19, 1931.

The order was affirmed thereafter by this court (233 App. Div. 672).

Subsequently, defendant and its agent continued to distribute the March, 1931, issue, which bore the title "All-Fiction" and this distribution is shown to have taken place in various cities throughout the country.

The Special Term justice who made the injunction order approved defendant's new magazine title before it was used. Defendant laid before that judge its proposed new format for the front cover and backstrip of the magazine, and asked whether what it proposed

to do violated that order, and the new style was approved in writing by such justice.

We think that the defendant's officers cannot be punished for contempt because it does not appear that they willfully disregarded the order of the court, since the judge who made the order had given his approval of the cover of the magazine, which they used subsequent to the injunction. But we consider such approval *ex parte* without hearing the plaintiff an improper exercise of the court's power and an approval which should not have been granted under the terms of the order heretofore granted and affirmed. Under the conditions, however, no punishment may now be inflicted.

The order so far as appealed from should be affirmed in so far as it denies the motion to punish for contempt, and so much of the order as permits the use of the cover title *All Fiction Stories* reversed.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order so far as appealed from affirmed in so far as it denies the motion to punish for contempt; and so much of the order as permits the use of the cover title *All Fiction Stories* reversed.